IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. CAPITAL PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AHMSA INTERNATIONAL, INC.,<br><br>Defendant. | Case No.: 12-6520 JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT (Dkt. No. 8)** |

Plaintiff U.S. Capital Partners, LLC, ("U.S. Capital") seeks to recover damages from Defendant AHMSA International, Inc., ("AHMSA") based on allegations of breach of contract in connection with a potential financing transaction between the parties. Now pending before the Court is AHMSA's Motion to Dismiss the Complaint in part and for a More Definite Statement (Dkt. No. 12). After carefully considering the pleadings submitted by the parties, and having had the benefit of oral argument on February 14, 2013, the Court DENIES Defendant's Motion to Dismiss as to the negligent misrepresentation claim and

GRANTS it as to the unfair competition and money due and owing claim, and the Court DENIES Defendant's Motion for a More Definite Statement.[1]

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiff U.S. Capital brought this action to recover damages pursuant to various state law claims following Defendant AHMSA's alleged breach of two contracts between the parties which related to a financing transaction. The first contract was a Term Sheet for Proposed Credit Facility executed on December 22, 2011 and the second was a Fee Agreement executed February 17, 2012 (collectively the "Financing Contracts"). (Complaint ¶¶ 7-10.) Pursuant to the contracts, AHMSA retained U.S. Capital's services to help obtain financing for the company. (*Id*. ¶¶ 6-13.) U.S. Capital alleges that it attempted to do so, but AHMSA's own actions prevented it from securing financing. (*Id*. ¶¶ 14-18.) U.S. Capital filed this action in the Superior Court for the State of California (San Francisco division) alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) money due and owing, (4) unfair business practices, and (5) negligent misrepresentation. (Dkt. No. 1.) AHMSA removed the action to federal court asserting diversity jurisdiction under 28 U.S.C. § 1446(a) and now moves to dismiss the action in part and for a more definite statement.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted).

Federal Rule of Civil Procedure 12(e) provides that "a party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." These motions are "disfavored and rarely granted" unless "the complaint is so indefinite that the Defendant cannot ascertain the nature of the claim being asserted." *U.S. v. Ragan*, No. 10-7654, 2011 WL 2940354, at *2 (C.D. Cal July 21, 2011). In other words, the pleading is "so vague or ambiguous that the opposing party

1  cannot respond, even with a simple denial, in good faith or without prejudice to himself."
2  *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal
3  quotation marks and citation omitted).

## DISCUSSION

**A.  Motion to Dismiss pursuant to Rule 9(b)**

In addition to the general pleading requirements set forth in Rule 8, when a plaintiff alleges fraud, he or she must allege "with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally").  The pleading must be "specific enough to give defendants notice of the particular misconduct .... that they can defend against the charge and not just deny they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). Defendant alleges that Plaintiff's claims for negligent misrepresentation and unfair business practices fail to satisfy Rule 9(b)'s particularity requirement and therefore must be dismissed.

### 1.  Negligent Misrepresentation

The elements of negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Capital Fund LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).  "Negligent misrepresentation is narrower than fraud." *Shamsian v. Atl. Richfield Co.*, 107 Cal. App. 4th 967, 984 (2003). "The elements of a cause of action for fraud and a cause of action for negligent misrepresentation are very similar. . . . [B]oth torts are defined as deceit. However, the state of mind requirements are different." *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 85 (2004). "Negligent misrepresentation lacks the element of intent to deceive.  Therefore, where the defendant makes false statements, honestly believing that they are true, but without

reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit." *Id.* at 86 (citations, alteration, and internal quotation marks omitted).

Defendant nonetheless argues that Rule 9(b)'s heightened pleading requirements for fraud claims should apply equally to negligent misrepresentation claims. There is no binding authority in the Ninth Circuit on this subject. *See Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 416 (C.D. Cal. 2012) ("the Ninth Circuit has not yet decided the issue of whether negligent misrepresentation claims are subjected to Rule 9(b)") citing *Anschutz Corp. v. Merrill Lynch & Co.*, 785 F.Supp.2d 799, 823 (N.D. Cal. 2011). Defendant's arguments to the contrary are unpersuasive. Although many district courts within the Ninth Circuit have found that negligent misrepresentation claims are subject to Rule 9(b)'s heightened pleading standard, those cases rely on non-binding decisions of other district courts. *See, e.g., Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements") citing *Glen Holly Entertainment, Inc. v. Tektronix, Inc*., 100 F.Supp.2d 1086, 1093 (C.D.Cal. 1999) and *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1058 (N.D.Cal. 1991)); *Survive v. Cottle*, No. 12-1453, 2013 WL 103576, at *13 (E.D. Cal. Jan. 8, 2013) ("In the Ninth Circuit, claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements") quoting *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).

Many of those cases, including those upon which Defendant relies, were considering claims for negligent misrepresentation in conjunction with fraud claims. As such, those cases stand for the premise that a court can dismiss a negligence claim *grounded in fraud* if it fails to satisfy Rule 9(b)'s heightened pleading requirements. *See Rankine v. Roller Bearing Co. of Am., Inc.*, No. 12-CV-2065, 2013 WL 55802, at *4 (S.D. Cal. Jan. 2, 2013) (collectively considering claims for intentional misrepresentation, negligent misrepresentation, and common law fraud and holding that they are subject to the heightened pleading standards of Rule 9(b)); *Das v. WMC Mortg. Corp.*, 831 F. Supp. 2d

5

1147, 1166 (N.D. Cal. 2011) (collectively considering claims for intentional misrepresentation, fraudulent concealment, and negligent misrepresentation); *Black & Veatch Corp. v. Modesto Irrigation Dist.,* 827 F.Supp.2d 1130, 1146 (considering claims for both fraud and negligent misrepresentation); *Neilson v. Union Bank of California, N.A.*, 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003) (considering claims for fraud and negligent misrepresentation). Here, in contrast, Plaintiff's Complaint does not include a fraud claim; instead, Plaintiff alleges "[t]hrough AHMSA's representation that it would pay the Banking Fee and Break-up Fee to USCP, which was false, AHMSA supplied false information for the guidance to others, namely USCP;" and "AHMSA did not exercise reasonable care or competence in obtaining or communicating this information." (Complaint ¶¶ 44-45.) These allegations are grounded in negligence, not fraud.

The Ninth Circuit's decision in *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003), highlights the problem with conflating the pleading requirement for fraud claims with the pleading requirement for non-fraud cases. In *Vess*, the court held that it was error to apply 9(b)'s heightened pleading standard to a claim of negligence that was "not based in fraud." *Id.* at 1106. "[I]n a case where fraud is not an essential element of a claim, only allegations ("averments") of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Id.* at 1105. The court reached this conclusion because the purpose of applying a heightened pleading standard to fraud claims was to "safeguard a defendant's reputation and goodwill from improvident charges of wrongdoing" and this purpose does not exist with non-fraud (and thus non-reputation based) allegations. *Id.* at 1104 (internal citations and quotations omitted).

Accordingly, the Court declines to apply Rule 9(b)'s heightened pleading requirements to the case here as Plaintiff has not separately alleged fraud and the negligent misrepresentation claim is not "grounded in" fraud. The Court instead is persuaded by the reasoning set forth in *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 416 (C.D. Cal. 2012). While Rule 9(b) can apply to a claim for negligent misrepresentation, it does not apply to all

such claims and it does not apply to Plaintiff's claim as pled here. Defendant's motion to dismiss Plaintiff's negligent misrepresentation claim is denied.

### 2. Unfair Business Practices

Defendant also moves to dismiss Plaintiff's unfair business practices claim for failure to meet Rule 9(b)'s heightened pleading requirements. California's Unfair Competition Law ("UCL") defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. "[E]ach prong of the UCL is a separate and distinct theory of liability" and offers "an independent basis for relief." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

Here, Plaintiff alleges that Defendant breached its contractual duties by bypassing U.S. Capital and contacting the funding sources directly, frustrating U.S. Capital's efforts to obtain financing, and independently securing financing in violation of the parties' contract. (Complaint ¶¶ 34-37.) Plaintiff does not specify whether this conduct violated the unfair, unlawful or fraudulent prong of Section 17200 and instead asserts that Defendant's conduct "constitutes unlawful, unfair and/or fraudulent business practices in violation of Section 17200." (*Id.* at ¶ 38.) In opposing Defendant's motion to dismiss, Plaintiff alleges that it does not need to prove fraudulent intent on the part of AHMSA to prevail on its 17200 claim because the conduct "indisputably rise[s] to the level of 'unfairness.'" (Dkt. No. 12, 5:21-6:3.) Defendant contends that even if the claim is limited to "unfairness" it is still subject to Rule 9(b).

The Court finds that Plaintiff's 17200 claim is not adequately pled. Although Plaintiff's opposition brief suggest that the claim is limited to the unfairness prong, that is not how the claim is pled. Accordingly, Defendant's motion to dismiss the unfair competition claim is granted with leave to amend. On amendment, Plaintiff shall specify which prong it seeks relief under and include specific factual allegations as to each.

### B. Motion to Dismiss Plaintiff's Money Due and Owing Claim under 12(b)(6)

To prevail on a claim for money due and owing (also referred to as money had and received) Plaintiff must show "unjust enrichment of the wrongdoer, and in order for plaintiff

to recover in such action she must show that a definite sum, to which she is justly entitled, has been received by defendant." *Walter v. Hughes Communications, Inc.*, 682 F.Supp.2d 1031, 1047 (N.D. Cal. 2010) (internal citations and quotations omitted). "[A] plaintiff may not maintain quasi-contract claims such as unjust enrichment, money had and received, and money paid 'if the parties have an enforceable agreement regarding a particular subject matter.'" *Allen v. Hylands, Inc*., No. 12-01150, 2012 WL 1656750, at *5 (C.D. Cal. May 2, 2012) quoting *Klein v. Chevron U.S.A., Inc*., 202 Cal.App.4th 1342, 1388, 137 Cal.Rptr.3d 293 (2012).

Defendant moves to dismiss Plaintiff's money due and owing claim because it contends that it is a quasi-contractual claim which is irreconcilable with Plaintiff's breach of contract claim. In response, Plaintiff contends that at this stage it is permissible to allege inconsistent claims for relief pursuant to Federal Rule of Civil Procedure 8(d)(3) which allows a party to "state as many separate claims or defenses as it has, regardless of consistency." Plaintiff also argues that this case is distinguishable from cases which hold that a plaintiff cannot maintain quasi-contractual claims if the parties have an enforceable agreement regarding the specific subject matter. *See, e.g*., *Paracor Finance, Inc. v. General Electric Capital Corp*., 96 F.3d 1151, 1167 (9th Cir. 1996) ("Under both California and New York law ... an action in quasi-contract ... does not lie when an enforceable, binding agreement exists defining the rights of the parties"); *Allen*, 2012 WL 1656750, at *5 ("a plaintiff may not maintain quasi-contract claims such as unjust enrichment, money had and received, and money paid if the parties have an enforceable agreement regarding a particular subject matter") (internal citations and quotations omitted); *Langley Partners, L.P. v. Tripath Tech., Inc*., No. 05-4194, 2006 WL 563053, at *7 (N.D. Cal. Mar. 7, 2006) (finding that it was not "legally feasible" for plaintiff to bring a claim for unjust enrichment or money had and received in light of the valid and enforceable contract between the parties). To this end, Plaintiff argues that there is a dispute as to whether the parties have an enforceable agreement stating that "AHMSA obviously contests the enforceability of those agreements." On reply,

however, AHMSA states that is "has never questioned the enforceability" of the contracts as issue. (Dkt. No. 14, 13:15-16.)

Because Defendant does not challenge the enforceability of the contracts, and the Complaint alleges that these are valid and enforceable contracts, Plaintiff's money due and owing claim cannot stand. That the parties do not dispute either the existence or the enforceability of the Fee Agreement and Term Sheet forecloses Plaintiff's ability to bring a quasi-contractual claim such as the claim for money due and owing. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's claim for money due and owing without prejudice.

**C. Motion for a More Definite Statement**

Defendant moves for a more definite statement with respect to both Plaintiff's breach of contract claim and breach of the implied covenant of good faith and fair dealing claim. "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F.Supp. 1053, 1060 (N.D. Cal.1988). The Court finds Defendant's arguments regarding the vagueness of Plaintiff's allegations unpersuasive.

In order to state a claim for breach of contract, Plaintiff must allege "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant[s], and damages." *Lucia v. Wells Fargo Bank, N.A*., 798 F. Supp. 2d 1059, 1066-67 (N.D. Cal. 2011) (internal citations omitted). Here, Plaintiff has alleged the existence of the financing contracts discussed above, its efforts to perform under the contract, and Defendant's breach through independently contacting funding sources, delaying in providing information and records to Plaintiff and soliciting, encouraging or entertaining proposals from other financing entities. (Complaint ¶¶ 14-15, 32-34.) Plaintiff's allegations regarding its claim for breach of the implied covenant of good faith and fair dealing similarly put Defendant on notice of the allegations against it. The questions posed by Defendant in it its motion are the proper subjects for discovery and are not necessary to answer the Complaint. Accordingly, Defendant's motion for a more definite statement is denied.

9

**CONCLUSION**

Based on the foregoing, the Court DENIES Defendant's Motion to Dismiss Plaintiff's negligent misrepresentation; GRANTS Defendant's Motion to Dismiss Plaintiff's unfair competition and money due and owing claim without prejudice; and DENIES Defendant's Motion for a More Definite Statement as to Plaintiff's claim for breach of contract and breach of the implied covenant of good faith and fair dealing. Any amended complaint shall be filed within 20 days of the date of this Order.

At oral argument, Defendant raised a few questions as to Plaintiff's allegations that would assist Defendant in evaluating the case, targeting its discovery, and perhaps facilitate an early settlement.  The parties agreed that Defendant would serve a targeted interrogatory or two seeking information regarding Plaintiff's specific allegations of misconduct and that Plaintiff would promptly respond to Defendant's questions.  Further, in light of the amount in controversy and the lack of any attorney's fees provision, the Court encouraged the parties to informally share information to the extent possible.

This Order disposes of Docket No. 8.

**IT IS SO ORDERED.**

Dated: February 14, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE